# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES SUPER, <br><br> Plaintiff, <br><br> v. <br><br> BRIDGEWATER STATE HOSPITAL, <br><br> Defendant. | Civil Action No. 14-14269-DJC |

## ORDER

**CASPER, J.**                                                                                                                           May 7, 2015

On November 10, 2014, James Super ("Super"), who is confined at Bridgewater State Hospital, filed a *pro se* complaint concerning the medical care he is receiving. He did not pay the filing fee or file a motion for leave to proceed without prepayment of the fee.

In an order dated December 9, 2014 (D. 3), the Court directed Super to pay the $400 filing and administrative fees or seek leave to proceed *in forma pauperis* by filing an Application to Proceed in District Court Without Prepaying Fees or Costs and the six-month prison account statement required under 28 U.S.C. § 1915(a)(2) within twenty-one days. The Court noted in a footnote that prisoner plaintiffs who are allowed to proceed *in forma pauperis* must nonetheless pay the $350 filing fee over time. See 28 U.S.C. § 1915(b). The Court also stated that failure to respond to the order could result in dismissal of the action without prejudice.

The Clerk included an Application Proceed in District Court Without Prepaying Fees or Costs with the copy of the order mailed to Super. The Clerk also sent a copy of the order to the treasurer of Bridgewater State Hospital to facilitate any request by the plaintiff for his six-month prison account statement; the Court did not ask the treasurer to provide that information directly to the Court.

On December 22, 2014, the Court received a six-month prison account statement for Super. It is unclear whether this account statement was submitted by the prison treasurer or by the plaintiff. Based on the information contained therein, the initial partial filing fee would be $17.73.

However, Super did not file an Application to Proceed in District Court Without Prepaying Fees or Costs or any other document indicating a desire to pursue this case and incur an obligation to pay the filing fee. In the absence of a motion to proceed *in forma pauperis*, it is unclear whether the plaintiff intends to prosecute this action and accept the concomitant responsibility of paying the filing fee up front or by making incremental payments pursuant to 28 U.S.C. § 1915(b). The Court declines to construe the prison account statement (which may have been submitted by the treasurer and lacks the signature of the plaintiff) as a motion for leave to proceed *in forma pauperis*.

Accordingly:

1. This action is DISMISSED WITHOUT PREJUDICE for failure to pay the filing fee. This dismissal is without prejudice to the plaintiff submitted, within forty-two days, a motion to reopen with (1) payment of the $400 filing and administrative fees; or (2) a completed Application to Proceed in District Court Without Prepaying Fees or Costs.

2. Except upon reopening of this case and by order of this Court, no filing fee shall be assessed in this action.

3. The Clerk shall provide the plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

**So ordered.**

    /s/ Denise J. Casper
United States District Judge